UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BARBOURVILLE DIAGNOSTIC IMAGING CENTER, ) ) ) | |
| ) | Civil No: 12-191-GFVT |
| Plaintiff, ) ) | |
| V. ) ) | **MEMORANDUM OPINION & ORDER** |
| PHILIPS MEDICAL SYSTEMS, INC., ) ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Barbourville Diagnostic Imaging Center asks this Court to dismiss a Counterclaim filed by Phillips Medical Systems on the grounds that the issue is being litigated in Knox Circuit Court. Barbourville Diagnostic argues that the Supreme Court's holding in *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800 (1976) supports its position. For the reasons stated herein, Barbourville Diagnostic's Motion to Dismiss is DENIED.

**I**.

Barbourville Diagnostic depends on the use of magnetic resource imaging (MRI) equipment in operating its business. The parties' underlying dispute involves alleged breaches of agreements relating to the maintenance and use of MRI equipment that Barbourville Diagnostic purchased from Philips Medical. Litigation between the parties began in Knox Circuit Court, 12-CI-361, on August 10, 2012. [R. 1-1.] Philips Medical removed the action to this Court on September 7. [R. 1.] On October 19, Philips Medical filed a second, distinct Complaint in Knox Circuit Court, 12-CI-454, alleging

that Barbourville Diagnostic owed it $145,462.95 and accumulating interest. [R. 23-2.] A little over a year later, on November 6, 2013, Philips Medical filed a Counterclaim against Barbourville Diagnostic in this case, again claiming that Barbourville Diagnostic owes it $145,462.95. [R. 21.] Barbourville Diagnostic now argues that Philips Medical's Counterclaim must be dismissed pursuant to the abstention doctrine explicated in *Colorado River*, 424 U.S. 800.

## II.

In *Colorado River*, the Supreme Court recognized that situations exist where a federal court should abstain from exercising jurisdiction over a case that " involves substantially the same issues and substantially the same parties as a parallel case in state court." *Total Renal Care, Inc. v. Childers Oil Co.*, 743 F. Supp. 2d 609, 612 (E.D. Ky. 2010) (citing *Colorado River*, 424 U.S. at 817–21.) However, because "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress," *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996), abstention " 'is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.' " *Colorado River*, 424 U.S. at 813 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959)); See also *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010). For this reason, "[o]nly the 'clearest of justifications' will support abstention." *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 557 (6th Cir. 2013) (quoting *Rouse v. DaimlerChrysler Corp.,* 300 F.3d 711, 715 (6th Cir. 2002)).

Philips Medical argues that two threshold issues prevent the Court from needing to consider the substance of the *Colorado River* abstention doctrine. First, they suggest that Barbourville Diagnostic is judicially estopped from arguing that federal court is the

improper venue for this Counterclaim. Second, they argue that *Colorado River* does not apply when the relief sought is money damages. Finally, the Court ultimately finds it unnecessary to consider Philips Medical's final argument, that even if *Colorado River* applies this Court need not abstain, because the type of relief sought prevents the Court from dismissing the claim.

### A.

Barbourville Diagnostic argued in state court that Philips Medical's Complaint seeking $145,462.95 in money damages was barred by *res judicata* and "should have been asserted … in a case pending between the parties in federal court Case No. 12-cv-00191," referring to this case. [R. 28-1 at 1.] Barbourville Diagnostic now argues, that the counterclaim seeking $145,462.95 in damages should be dismissed as it is being litigated in state court. While Barbourville Diagnostic's positions are without question inconsistent, it is not judicially estopped from making the argument.

"The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (citations omitted). This doctrine exists to prevent parties from taking adverse positions according to the conveniences of the moment, ultimately protecting the integrity of the judicial process. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

The doctrine does not apply in this case because the state court does not appear to have adopted Barbourville Diagnostic's prior position. If the state court had adopted its past position then the state court action, 12-CI-454, would have already been dismissed.

For this reason, Barbourville Diagnostic is not judicially estopped from making the argument it now presents the Court.

**B**

"[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush,* 517 U.S. at 731. In *Woody's Rest., LLC v. Travelers Cas. Ins. Co. of Am.*, 2013 WL 5503194 (E.D. Ky. Oct. 1, 2013), the Court applies this above cited precept to a *Colorado River* abstention analysis and concludes: "Plaintiffs have requested monetary damages; therefore, this Court may not remand based on abstention principles." 2013 WL 5503194 at *1.

The surviving Barbourville Diagnostic claims are for breach of contract and request compensation in the form of monetary damages. [R. 17.] Philips Medical's Counterclaim prays for the specific amount of $145,462.95. [R. 21.] The parties do not seek equitable or discretionary relief. Rather, they both request monetary damages. Under the above cited precedent, this Court is without power to dismiss the Counterclaim on abstention principles.

**III.**

Accordingly, it is hereby **ORDERED** that Barbourville Diagnostic's Motion to Dismiss Philips Medical's Counterclaim [R. 23] is **DENIED**.

This 21st day of April, 2014.

